IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA DUCKINS, | ) Case No. 14 CV-3234 |
| | ) |
| Plaintiff, | ) **The Honorable St. Eve** |
| v. | ) |
| HERITAGE ENTERPRISES, Inc. | ) |
| | ) |
| | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |
| | ) |

**FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, DEBRA DUCKINS, ("Plaintiff" and/or "Duckins") by and through her undersigned counsel of record, and complaining against Heritage Enterprises (hereinafter referred to as "Heritage"), and in doing so states as follows:

**INTRODUCTION**

1) Plaintiff, brings this one (1) Count Complaint against Defendant seeking damages for Defendants' violations of the Family Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq*. and 5 U.S.C. § 6381 *et seq*.,.

2) This case is about Defendants' blatant, willful, and deliberate attempts to violate the law through violations of FMLA.

3) Plaintiff is a qualified individual with a serious medical condition (Knee replacement surgery and physical therapy).

4) Despite Plaintiff's dedicated employment and outstanding job performance, and despite Plaintiff's request for time off for FMLA, Defendant terminated Plaintiff because

of her taking her FMLA leave and/or failed to provide Plaintiff with proper and complete FMLA notice and disclosures.

5) Plaintiff has suffered emotional distress, lost wages, and other significant damages as a direct and proximate result of Defendant's FMLA violations.

## PARTIES

### Plaintiff

6) Plaintiff, Debra Duckins a resident of Illinois.

7) Plaintiff Duckins was an employee of Heritage.

### Defendants

8) Defendant Heritage is a company doing business in the State of Illinois and has an office in Elgin, Illinois.

9) Defendant was a qualified "FMLA" employer under the FMLA in general and specifically employed 50 employees within 75 miles of that worksite in accord with 29 USC § 2611 (2)(B)(ii).

## JURISDICTION AND VENUE

10) The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1343(3) and (4), 1658, 2201 and 2202. This action is brought pursuant to the Family Medical leave Act ("FMLA"), 29 U.S.C. §2601 et seq S.

11) Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), in that defendants employed Plaintiff in the Northern District, Plaintiff resides in the Northern District, and all or a substantial part of the events or omissions giving rise to the claims occurred within the Northern District. Heritage is subject to personal

jurisdiction in the State of Illinois for the purposes of this lawsuit.

12) All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.

**COUNT I**

**FMLA VIOLATIONS**
**- interference and denial of rights-**

13) Plaintiff realleges and incorporates by reference all paragraphs in this complaint, as if fully set forth herein.

14) Plaintiff was an employee of the Defendant.

15) Plaintiff was entitled to and met the requirements for leave under FMLA generally, as alleged elsewhere in this complaint, and specifically under FMLA 29 U.S.C 2612 (a)(1).

16) Defendant was a qualified "FMLA" employer under the FMLA in general and specifically employed 50 employees within 75 miles of that worksite in accord with 29 USC § 2611 (2)(B)(ii).

17) Plaintiff was a full time employee of Defendant Heritage for approximately 21 years.

18) Plaintiff was terminated from her employment with Defendant in December of 2012 or January of 2013.

19) Plaintiff had worked for Defendant for more than 12 months thus was qualified for FMLA leave.

20) At all times relevant, Plaintiff performed her employment responsibilities in a manner that met or exceeded Defendant's expectations of her.

21) In fall of 2012 the Plaintiff began to experience serious medical conditions: Knee

replacement surgery and physical therapy.

22) Plaintiff informed Defendant Heritage of these conditions.

23) Plaintiff asked for time off of work from Heritage informing them that the time off was to treat serious medical conditions.

24) Plaintiff alleges that the amount of leave period needed was known at the time Heritage Enterprises, Inc. designated the leave as FMLA-qualifying.

25) Further Plaintiff alleges that the amount of leave period needed was known at the time by Heritage Enterprises, Inc. thus requiring Heritage to affirmatively notify the employee of when the leave is exhausted.

26) Since the amount of leave period needed was known at the time Heritage Enterprises, Inc. designated the leave as FMLA-qualifying, the leave period would be known and therefore the employer must provide notice of the amount of leave counted against the employee's FMLA entitlement to the employee, but Defendant did not provide any notice of the amount of leave period nor the amount of leave counted against the employee's FLMA leave entitlement.

27) Further Defendant was obligated to provide the amount of leave counted against the employee's FMLA entitlement upon the employee's request and Plaintiff requested, repeatedly, the amount of leave and the date of required return.

28) Provisions of 29 C.F.R. § 825.300, include as follows:

   a. The employer must notify the employee of the amount of leave counted against the employee's FMLA leave entitlement. If the amount of leave needed is known at the time the employer designates the leave as FMLA-qualifying, the employer must notify the employee of the number of hours, days, or weeks that will be counted against the employee's FMLA leave entitlement in the designation notice. If it is not possible to provide the hours, days, or weeks that will be counted against the employee's FMLA leave entitlement (such as in the case of

> unforeseeable intermittent leave), then the employer must provide notice of the amount of leave counted against the employee's FMLA leave entitlement upon the request by the employee, but no more often than once in a 30-day period and only if leave was taken in that period. The notice of the amount of leave counted against the employee's FMLA entitlement may be oral or in writing. If such notice is oral, it shall be confirmed in writing, no later than the following payday (unless the payday is less than one week after the oral notice, in which case the notice must be no later than the subsequent payday). Such written notice may be in any form, including a notation on the employee's pay stub.

29) Defendant failed, in several ways to fulfill its obligations under the 29 C.F.R. § 825.300.

30) Defendant terminated Plaintiff's employment just after the end of her available FMLA leave time.

31) At no time did Defendant reinstate Plaintiff to her former position at the conclusion of her medical treatment.

32) The conduct of Defendant constitutes a willful violation of the FMLA in that Defendant terminated Plaintiff's employment, thus interfering with, restraining, and denying of exercise of Plaintiff's rights to utilize her FMLA leave, pursuant to 29 USC Section 2615 (a)(1).

33) As a proximate result of Defendant's unlawful acts, Plaintiff suffered the loss of her job, lost wages, benefits and other monetary losses.

34) At the time of application for FMLA protected leave the Plaintiff had worked continuously for the Defendants for more than (12) twelve months preceding the request for leave.

35) At the time of application for FMLA protected leave the Plaintiff had worked more 1250 hours during the twelve months preceding his need for leave

36) Based upon the Plaintiff's qualification for FMLA Plaintiff was qualified for and could take up to twelve (12) weeks of FMLA leave.

37) Plaintiff was entitled to and met the requirements for leave under FMLA in general and specifically under requirements of 29 USC § 2612 (a)(1)

38) Plaintiff applied for and was approved for FMLA leave beginning on October 8, 2012, Plaintiff was terminated in December 30, 2012 or January of 2013.

39) Plaintiff had no other FMLA leave periods in the 12 months prior to her October 2012 FMLA leave, therefore Plaintiff had available the full 12 weeks of FMLA leave.

40) Yet Plaintiff was not notified of her "termination" until just after the date she provided notice of return from leave, on January 8-10, 2013, and despite Defendant having knowledge of the amount of FMLA leave time available and despite requests for such information by Plaintiff thus necessitating Defendant to provide this information.

**DEFENDANT FAILS TO PROVIDE PROPER/COMPLETE NOTICES UNDER FMLA REGULATIONS**

41) At no time did Defendant provide to Plaintiff any written notice or explanation of the amount of FMLA that she had available to her, or how Defendant calculated her availability of FMLA protected absences, despite Plaintiff requests for this information and despite Defendant having knowledge of the amount of FMLA leave time available.

42) Defendant's failure to provide to Plaintiff written notice of her availability or calculation of FMLA leave benefits resulted in prejudice to Plaintiff.

43) It is a requirement under FMLA regulations that the Employer provide the amount of leave that is designated and counted against the employee's FMLA entitlement, if known. If the

amount of leave is not known at the time of the designation, the employer must provide this information to the employee upon request, but no more often than once in a 30-day period and only if leave was taken in that period.

44) In the case at hand, Defendant did not provide Plaintiff with any notice of the amount of leave available at any time, despite Plaintiff requests for this information and despite Defendant having knowledge of the amount of FMLA leave time available.

45) Further it is a requirement under FMLA regulations that the Employer provide and the amount of leave that will be deducted from the employee's in accord with the US Department of Labor's regulations included in the USDOL FMLA Entitlement Fact Sheet # 28D: Employer Notification Requirements under the Family and Medical Leave Act.

46) The fact sheet (USDOL FMLA Entitlement Fact Sheet # 28D: Employer Notification Requirements under the Family and Medical Leave Act) reads, in part:

  a. The employer is responsible in all circumstances for designating leave as FMLA-qualifying and giving notice of the designation to the employee. This notice **must**: Provide the amount of leave that is designated and counted against the employee's FMLA entitlement, if known. If the amount of leave is not known at the time of the designation, the employer must provide this information to the employee upon request, but no more often than once in a 30-day period and only if leave was taken in that period.

47) Defendant failed to fulfill its obligations and requirements under this USDOL Fact Sheet, as the amount of leave was known by the employer, and employer failed to provide that

information as required at any time.

48) Defendant failed to fulfill its obligations and requirements under this USDOL Fact Sheet, as Plaintiff repeatedly asked for that information from the employer, and employer failed to provide that information as required at any time.

49) Plaintiff initially applied for leave on 10/10/2012, and indicated that the leave was to begin on 10/8/2012.

50) On 11/2/2012 Plaintiff's healthcare provided furnished a USDOL FMLA certification form.

51) On 11/14/2012 Defendant created for the first time, despite Plaintiff being on FMLA leave for over a month, with the very first (and ONLY) Designation Notice.

52) However this leave form failed to include the following required notices:

   a. the amount of leave that is designated and counted against the employee's FMLA entitlement, if known.

   b. If the amount of leave is not known at the time of the designation, the employer must provide this information to the employee upon request, but no more often than once in a 30-day period and only if leave was taken in that period

53) Despite having Plaintiff on FMLA from 10/8 to 11/14, at no time in this period was Plaintiff given the required FMLA information related to the amount of leave counting against Plaintiff's leave allowance, and the critically the end date of the FMLA leave.

54) On 11/16/2012 Plaintiff again applied for FMLA leave.

55) On 11/29/2012 Plaintiff's medical provided submitted a second Certification of Serious Medical Condition.

56) Plaintiff however did NOT receive a second Designation Notice from Defendant, despite

the fact that another 30 days had passed on 12/16/12, and Defendant was required to provide such a Notice.

57) Further Plaintiff received no other notices whatsoever of the impending end of her FMLA leave and Plaintiff requested, repeatedly, the amount of leave and the date of required return and/or Defendant was aware the amount of leave was known to Defendant.

58) Plaintiff alleges that the amount of leave period needed was known at the time Heritage Enterprises, Inc. thus requiring Heritage to affirmatively notify the employee of when the leave is exhausted and Plaintiff requested, repeatedly, the amount of leave and the date of required return.

59) Since the amount of leave period needed was known at the time Heritage Enterprises, Inc. designated the leave as FMLA-qualifying, the leave period would be known and therefore the employer must provide notice of the amount of leave counted against the employee's FMLA entitlement to the employee, but Defendant did not provide any notice of the amount of leave period nor the amount of leave counted against the employee's FLMA leave entitlement and Plaintiff requested, repeatedly, the amount of leave and the date of required return.

60) Further Defendant was obligated to provide the amount of leave counted against the employee's FMLA entitlement upon the employee's request and Plaintiff requested, repeatedly, the amount of leave and the date of required return.

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A. Statutory damages for lost wages, benefits and other compensation, plus all accrued

interest on such sum at the statutory rate, pursuant to 29 U.S.C.A. § 2617 (a)(1)(A)(i) and (ii);

B. Monetary damages to compensate Plaintiff for all future lost salary and benefits;

C. Additional liquidated damages equal in the amount of the above requested amounts in Prayers A and B , pursuant to 29 U.S.C.A. § 2617 (a)(1)(B) and/or 29 U.S.C. § 2617(a)(1)(A)(iii);

D. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617 (a)(1)(B);

E. Judgment declaring that the actions of the defendant described herein have violated the plaintiff's rights under 29 U.S.C. §§ 2614(a)(1), 2614(a)(2), and 2615(a);

F. Judgment against the defendant awarding plaintiff's costs, disbursements, prejudgment interest lost and/or incurred by reason of the violation.

G. Judgment against defendant, awarding damages for any wages, salary, employment benefits and other compensation;

H. Injunctive and declaratory relief with regard to Defendants' unlawful FMLA policies and to force Defendants to cease in enforcing said policies against the hundreds of other persons employed by them.

I.Damages which satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and this Court deem just under the circumstances;

J. Attorneys fees, interest on said attorney's fees, expert witness fees; and

K. Any and all other such relief as this Court deems just and equitable.

**JURY DEMAND**

__-S-John C. Ireland____

John C. Ireland

***JURY DEMANDED ON ALL COUNTS SO TRIALABLE***

Respectfully submitted,

John C. Ireland
The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
630-464-9675
Facsimile 630-206-0889
attorneyireland@gmail.com
# 628137